# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1973V

| | |
|---|---|
| PERCY GLANVILLE,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: March 26, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 30, 2019, Percy Glanville filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccination she received December 6, 2017. Amended Petition at 1. On August 25, 2023, I issued a decision awarding damages to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 59.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $45,185.95 (representing $43,422.77 for fees and $1,763.18 for costs). Petitioner's Application for Attorneys' Fees, filed Feb. 28, 2024, ECF No. 66. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 67.

Respondent reacted to the motion on March 7, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 69. Petitioner filed no reply.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The attorney hourly rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested the same 2023 attorney rate of $500 per hour for work performed by Ronald Homer in 2024. ECF No. 66 at 29. Additionally, Petitioner requests an hourly rate of $185 for paralegal work. *Id.* at 28-29. I find these hourly rates to be reasonable, and will award the attorney's fees requested. However, the hourly rates requested for work performed by individuals identified as law clerks, presumably law students, requires adjustment.

Petitioner requests attorney's fees for work performed by law students as follows: 13.5 hours billed at an hourly rate of $155 in 2019 and 1.1 hours billed at an hourly rate of $165 in 2020. ECF No. 66 at 9, 13, 16-17. However, these hourly rates exceed the student hourly rate paid in other cases - $145 in 2019 and $150 in 2020. *E.g., Wnuk v. Sec'y of Health & Hum. Servs.*, No. 21-0679V, 2023 WL 4195520, at *2 (Fed. Cl. Spec. Mstr. May 26, 2023). Accordingly, I shall instead compensate the law student's work in this case at these lower rates. **This reduces the amount of fees to be awarded by $151.50.**[3]

Regarding the time billed, I note this case required additional briefing and argument regarding damages. *See* Status Report, filed July 29, 2022, ECF No. 53; Petitioner's Memorandum in Support of Damages, filed Sept. 16, 2022, ECF No. 54; Minute Entry, dated Aug. 25, 2023 (for August 25, 2023 expedited hearing). Petitioner's counsel expended approximately 8.7 hours drafting the brief. ECF No. 66 at 26. I find this amount of time to be reasonable and will award the attorney's fees requested.

However, a small amount of time must be reduced for attorney time billed for the review of a status report, motions for additional time, joint notices, and elections prepared by another attorney. ECF No. 66 at 14, 21, 23-25, 28 (entries dated 12/30/19, 11/23/20, 11/8/21, 5/25/22, 5/27/22, 6/29/22, 7/29/22, 8/278/23, 9/21/23). I note that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a

---

[3] ($155 - $145) x 13.5 hrs. + ($165 - $150) x 1.1 hrs. = $151.50.

case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. *See* ECF No. 49 at 15, 23-24, 26 (entries dated 1/24/20, 9/30/21, 3/11/22, 9/16/22). However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Hum. Servs.*, No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). I will not award attorney's fees for this redundant work. This results in **a reduction of $318.00.**

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs for all but expenses of $15.00 for copying and $26.37 for postage. ECF No. 66 at 29-63. I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought. Thus, I find the amount of costs sought to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $44,716.45 (representing $42,953.27 for fees and $1,763.18 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ronald Craig Homer.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

                                      **s/Brian H. Corcoran**
                                      Brian H. Corcoran
                                      Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.